UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

JACOB J. BAHLING,

                    Plaintiff,

v.                                                    Case No. 21-cv-0304-bhl

ERIC R. NELSON,

                      Defendant.

─────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────

Plaintiff Jacob Bahling is representing himself in this 42 U.S.C. §1983 case. He is proceeding on a claim that Defendant was deliberately indifferent to his elbow injury. Dkt. No. 15. Bahling alleges that Dr. Brian Zafonte placed a hinge in his elbow prior to his incarceration. Dr. Zafonte allegedly recommended that, given the nature of the hardware, the hinge should be removed after three months. Bahling asserts that, after he was incarcerated, he was examined by Defendant, who, despite being unfamiliar with the hinge, disregarded Bahling's requests that he remove the hinge consistent with Dr. Zafonte's recommendation or, at a minimum, contact Dr. Zafonte to better understand the recommendation. Bahling asserts that Dr. Nelson delayed removing the hinge for months and did so only after the hinge wore through Bahling's skin and Bahling developed an infection as Dr. Zafonte had warned may happen. This matter is currently before the Court on Bahling's motion to file a second amended complaint and his motion for reconsideration of the Court's denial of his motion to appoint counsel.

1. **Bahling's Motion to File a Second Amended Complaint, Dkt. No. 30**

On June 21, 2021, Bahling filed a motion for leave to file a second amended complaint. As required by Civil L. R. 15, he attached his proposed pleading to his motion. Bahling explains that he "would like to clear up any/all discrep[a]ncies, clear up any statements, solidify claims and facts." Dkt. No. 30. The Court will deny Bahling's motion because the amendments he seeks to make are unnecessary. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only provide notice of what the plaintiff believes the defendant did or did not do to violate the plaintiff's rights. As explained in the Court's screening order, the allegations in Bahling's amended complaint are sufficient to state a deliberate indifference claim against Defendant. Bahling will gain nothing from adding additional details and context as he now seeks to do, so the Court will deny Bahling's motion to file a second amended complaint as unnecessary.

2. **Bahling's Motion for Reconsideration, Dkt. No. 28**

On June 3, 2021, the Court denied Bahling's motion to appoint counsel. Dkt. No. 24. The Court noted that Defendant had not yet responded to Bahling's amended complaint and discovery had not yet been opened, so his concerns about being able to get the information he believes he needs to litigate his claim were premature. The Court further observed that Bahling's filings to date were well-written and showed that Bahling has a thorough understanding of his claim and is able to advocate well for himself. On June 17, 2021, Bahling filed a motion to reconsider and a motion to subpoena a witness. Bahling highlights his need to contact Dr. Zafonte, the surgeon who placed the hinge in Bahling's elbow before he was incarcerated. Bahling asserts that he does not have Dr. Zafonte's contact information and does not know how to get his medical records from him. He also explains that he is indigent, lacks resources such as writing paper, and is locked in his cell twenty-four hours a day.

The Court will grant Bahling's motion for reconsideration and will make efforts to recruit a volunteer lawyer to represent him. Although Bahling has demonstrated that he understands his claim, is able to clearly communicate in writing, and can effectively advocate for himself, the Court concludes that he will be unable to overcome the practical challenges he will face in litigating his claim. As Bahling has explained, Dr. Zafonte is not associated with the Department of Corrections, nor is he a Defendant in this action. Further, Bahling's interactions with Dr. Zafonte occurred prior to his incarceration, so it is unclear whether the Department of Corrections has possession of the relevant medical records. And, even if the Department of Corrections does have the relevant records, Bahling explains that he is locked in his cell twenty-four hours a day with limited resources, suggesting that he will have limited time to review his medical records and/or make copies of the records he wants. In light of these challenges, the Court believes that recruiting a lawyer to represent Bahling is warranted. Accordingly, the Court will grant Bahling's motion for reconsideration and will deny his motion for a subpoena.

The Court advises Bahling that the demand for volunteer lawyers is high, but the supply is quite low. Few lawyers have the time or ability to volunteer for cases such as these. Accordingly, the Court encourages Bahling to be patient as the Court makes efforts to recruit a lawyer to represent him. The process may take some time. The Court will promptly notify Bahling in the event a lawyer volunteers to represent him.

Finally, in light of the Court's decision to recruit a lawyer to represent Bahling on a volunteer basis, the Court will stay all deadlines in this case. The parties need not respond to any discovery requests that have been served or that may be served during the stay. The Court will set new case deadlines after a lawyer appears on behalf of Bahling. The Court encourages Bahling to

continue his own efforts to find a lawyer willing to represent him.  Further, if at any time Bahling decides he would like to proceed on his own, he should promptly notify the Court.

**IT IS THEREFORE ORDERED** that Bahling's motion to subpoena witness (Dkt. No. 28) is **DENIED,** his motion for reconsideration (Dkt. No. 28) is **GRANTED**, and his motion to file a second amended complaint (Dkt. No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that all case deadlines are **STAYED** pending the Court's efforts to recruit a lawyer to represent Bahling.

Dated at Milwaukee, Wisconsin this 28th day of June, 2021.

                              BY THE COURT:

                              s/ *Brett H. Ludwig*
                              BRETT H. LUDWIG
                              United States District Judge