UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JACOB J. BAHLING,

        Plaintiff,                                   Case No. 21-CV-304

v.

ERIC NELSON, M.D.,

        Defendant.
_____

**DEFENDANT ERIC NELSON, M.D.'s PRETRIAL REPORT**
_____

        Defendant, Dr. Eric Nelson, pursuant to Civil L.R. 16(c)(1) and the Court's Pretrial Order dated August 29, 2023 (ECF 80), submits the following pretrial report.

**I.     SUMMARY OF FACTS, CLAIMS AND DEFENSES**

        On July 2, 2018, plaintiff Jacob Bahling sustained a severe injury to his right elbow when he jumped from the second story window of a residential dwelling. Bahling was subsequently seen in the ER at Ascension All Saints Hospital in Racine, Wisconsin by orthopedic surgeon Dr. Brian Zafonte. Dr. Zafonte explained to Mr. Bahling that he had sustained a severe injury in his elbow joint, akin to "a bomb going off" in the elbow. Dr. Zafonte told Mr. Bahling that the use of an "experimental" internal joint stabilization device would be necessary to treat his severe elbow injury, because standard hardware was insufficient to stabilize the elbow joint given the extensive damage. Dr. Zafonte informed Mr. Bahling that the alternative to the use of the "experimental" internal joint stabilization device was amputation of his arm.

        Bahling consented to the "experimental" elbow stabilizing device, which was surgically implanted by Dr. Zafonte on July 7, 2018. Dr. Zafonte subsequently followed Bahling for several

months, during which time Bahling participated in physical therapy for his arm as ordered by Dr. Zafonte.

On September 13, 2018, Bahling's probation from an earlier burglary charge was revoked, and he was sentenced to a term of incarceration under the supervision of the Wisconsin Department of Corrections. Bahling's care was thereafter overseen by the DOC's physicians. Bahling requested of his DOC physicians that the joint stabilization device be removed from his elbow, and he was therefore referred by the DOC to be seen by an orthopedic specialist, defendant Dr. Eric Nelson, on December 28, 2018.

Dr. Nelson conducted a physical examination of Mr. Bahling's elbow, and reviewed Bahling's radiology studies on December 28, 2018. He recommended to Bahling's DOC treaters that the elbow stabilization device be left in place for an additional period of time, in order to guard against the potential for catastrophic re-fracture of the severely damaged elbow. This recommendation was consistent with the directive of the medical literature in December of 2018. Dr. Nelson also recommended therapy for the elbow in the interim.

In June of 2019, Bahling hit his elbow on the wall of his cell, causing a small area of skin breakdown in an area proximate to the internal elbow stabilization device. Bahling was once again referred by his DOC providers to Dr. Nelson, who examined Mr. Bahling's elbow on June 25, 2019. By July 25, 2019, one year had elapsed since the date of the index operation. Dr. Nelson recommended the removal of the joint stabilization device, and three days later, on June 28, 2019, Dr. Nelson removed the stabilizer without complication. Upon examination of the elbow on June 28, 2019, before commencement of the surgery that day, Dr. Nelson noted that the area of skin breakdown near the elbow that he had identified three days earlier had healed in the interim.

Dr. Nelson followed up with Bahling at an office appointment on August 29, 2019, determining at that time that the elbow had fully healed.

Plaintiff Bahling has sued Dr. Nelson on an Eighth Amendment "deliberate indifference" theory, arguing that Dr. Nelson should have removed the elbow stabilization device in December of 2018, as per Mr. Bahling's subjective wish at that time. Dr. Nelson contends that he exercised his medical discretion in the best interests of his patient in December of 2018 when he recommended, consistent with the orthopedic literature, that the stabilization device not be removed until 12 months had elapsed from the index operation.

Dr. Nelson will testify at trial that he attempted to contact plaintiff's treating surgeon, Dr. Zafonte, without success, in order to discuss the elbow stabilization device. Dr. Nelson will also testify at trial that nothing that he could have learned from Dr. Zafonte about the stabilizer device would have changed his recommendation on December 28, 2018 to leave the device in place for an additional period of time, given the clear dictates of the medical literature which counseled that a device of this nature remain in place for a period of 12 months following the index operation – particularly for an injury as severe as that experienced by Mr. Bahling – in order to avoid the potentially catastrophic risk of re-fracture.

## II. STATEMENT OF THE ISSUES

1. Did Jacob Bahling have an objectively serious medical need on 12/28/2018?

2. Was Eric Nelson, MD aware that Jacob Bahling had an objectively serious medical need on 12/28/2018?

3. Did Eric Nelson, MD consciously fail to take reasonable measures to provide treatment for Jacob Bahling's objectively serious medical need in making his treatment recommendations on 12/28/2018?

4. Were Dr. Nelson's treatment recommendations on 12/28/2018 a cause of injury to Jacob Bahling?

### III. WITNESSES EXPECTED TO TESTIFY

**Anticipated Fact Witnesses:**

1. **Jacob Bahling**
   Outagamie County Jail
   320 S. Walnut Street
   Appleton, WI 54911

Jacob Bahling is likely to be called by plaintiff's counsel to offer testimony in plaintiff's case in chief regarding the circumstances surrounding his severe elbow injury in July of 2018, and his subsequent treatment therefore. The estimated time necessary for Mr. Bahling's testimony will be dependent upon the length of questioning posed by plaintiff's counsel on direct examination, and therefore defendant Dr. Nelson defers to plaintiff's counsel as to the estimated amount of time necessary for Mr. Bahling's testimony at trial.

2. **Dr. Eric Nelson**
   608 W. Brown Street
   Waupun, WI 53963

Dr. Nelson will be called in the defendant's case in chief to testify regarding his background and qualifications as a board-certified orthopedic surgeon. Plaintiff may also call Dr. Nelson adversely in plaintiff's case in chief. Dr. Nelson will be expected to testify as to the nature of the injury suffered by Mr. Bahling and the manner in which Mr. Bahling came to be referred to him for consultation. Dr. Nelson will testify as to the thought processes underlying his medical decision-making and his recommendations of December 28, 2018. Dr. Nelson will also be expected to testify to his subsequent follow-up examination of Mr. Bahling, and will attest to Mr. Bahling's impressive recovery from his severe elbow injury.

It is estimated that Dr. Nelson could take up to two to three hours for the completion of his direct-examination at trial.

**Anticipated Expert Witnesses:**

1. **Dr. David Fetter**

It is anticipated that the plaintiff will call Dr. David Fetter to provide testimony consistent with the opinions set forth in his written expert report dated October 17, 2022. Dr. Fetter is an orthopedic surgeon and consulting physician licensed to practice medicine in Illinois, Wisconsin and Arizona. He is a diplomate of the American Board of Orthopedic Surgery and a fellow of the American Academy of Orthopedic Surgeons and American Academy of Disability Evaluating Physicians. He has a hospital affiliation with Vista Medical Center in Waukegan, Illinois.

The amount of time anticipated for the completion of Dr. Fetter's testimony at trial will depend upon the length of his direct examination by plaintiff's counsel, and therefore Dr. Nelson defers to plaintiff's counsel as to the identification of the likely amount of time required for the completion of Dr. Fetter's testimony at trial.

2. **Dr. Dean Ziegler**
   Blount Orthopaedic Associates
   525 W River Woods Pkwy
   Glendale, WI 53212

Dr. Ziegler will be called by the defense at trial to testify on Dr. Nelson's behalf as an expert who has provided a written report in this case. Dr. Ziegler is a board-certified orthopedic surgeon with an active and high-volume orthopedic surgery practice based in Milwaukee and Glendale, Wisconsin. He is fellowship trained in the specialty of shoulder and elbow surgery, and he is a member of the American Academy of Orthopaedic Surgeons, the American Shoulder and Elbow Surgeons, the Mid-America Orthopaedic Association, and the Wisconsin Orthopaedic Society. He is presently the Vice President of Blount Orthopaedic Associates, LTD, and serves as an Associate Clinical Professor of Orthopaedic Surgery with the Medical College of Wisconsin.

He has active staff privileges at the Orthopaedic Hospital of Wisconsin, Columbia St. Mary's Hospital - Milwaukee, and Columbia St. Mary's Hospital - Ozaukee.

Dr. Ziegler's direct examination at trial will likely require up to two to three hours, and the total time for the completion of his trial testimony will likely depend upon the length of cross-examination.

## IV. DEFENDANT'S EXHIBITS TO BE OFFERED AT TRIAL

1000  1/13/23 *Decl. of Nelson*, Ex. 1 - Dr. Eric Nelson's Curriculum Vitae

1001  1/13/23 *Decl. of Nelson*, Ex. 2 - Off-Site Service Request and Report (DOC 0227)

1002  1/13/23 *Decl. of Nelson*, Ex. 3 - Dr. Nelson's office note dated 12/28/2018 (AGH 277-278)

1003  1/13/23 *Decl. of Nelson*, Ex. 4 - Dr. Nelson's office note dated 6/25/2019 (AGH 239-240)

1004  1/13/23 *Decl. of Nelson*, Ex. 5 - Dr. Nelson's operative report dated 6/28/2018 (AGH 182-183)

1005  1/13/23 *Decl. of Nelson*, Ex. 6 – Andrea Smits' office note dated 7/9/2019 (DOC 0199)

1006  1/13/23 *Decl. of Nelson*, Ex. 7 – Helen Kooima's office note dated 7/17/2019 (DOC 0197)

1007  1/13/23 *Decl. of Nelson*, Ex. 8 - Dr. Nelson office note dated 8/29/2019 (AGH 031)

1008  1/13/23 *Decl. of JJF,* Ex. A - All Saints Hospital Emergency Department note dated 7/2/2018 (P-ASH 5-15)

1009  1/13/23 *Decl. of JJF,* Ex. B - Dr. Zafonte's History and Physical dated 7/3/2018 (P-ASH 40-46)

1010  1/13/23 *Decl. of JJF,* Ex. C - Dr. Zafonte's Operative note dated 7/3/2018 (P-ASH 58-60)

1011  1/13/23 *Decl. of JJF,* Ex. D - Dr. Zafonte's Post-Operative note dated 7/7/2018 (P-ASH 76-78)

1012  1/13/23 *Decl. of JJF,* Ex. E - Dr. Zafonte's Discharge Summary dated 7/11/2018 (P-ASH 46-47)

1013  1/13/23 *Decl. of JJF,* Ex. H - Progress note dated 1/9/2019

1014  1/13/23 *Decl. of JJF,* Ex. I - Progress note dated 4/16/2019 (DOC 0035)

1015  1/13/23 *Decl. of JJF,* Ex. J - Nurse Sick Call note dated 5/8/2019 (DOC 0054-0055)

1016  1/13/23 *Decl. of JJF,* Ex. K - Progress note dated 6/24/2019 (DOC 0033)

1017  1/13/23 *Decl. of JJF,* Ex. L - Dean Ziegler, MD Curriculum Vitae

1018  1/13/23 *Decl. of JJF,* Ex. M - Dean Ziegler, MD Report

1019  Plaintiff's Response to Dr. Nelson's Interrogatories and Requests for Production of Documents

1020  Deposition transcript of Eric Nelson, MD

1021  Deposition transcript of David Fetter, MD

1022  Deposition transcript of Dean Ziegler, MD

1023  Deposition transcript of Jacob Bahling

1024  Dr. Nelson Deposition Exhibit 2 – Dr. Nelson's Response to Plaintiff's Interrogatories

1025  Dr. Nelson Deposition Exhibit 6 – Fond du Lac Regional 7/19/2019 treatment record

1026  Dr. Nelson Deposition Exhibit 8 – Skeletal Dynamics Instructions for Use

1027  Dr. Nelson Deposition Exhibit 9 – Dilip Tannan treatment notes

1028  Dr. Nelson Deposition Exhibit 10 – 12/28/2018 Radiology report

1029  Dr. Nelson Deposition Exhibit 12 – Order for x-ray

1030  Dr. Fetter Deposition Exhibit 1 – Amended Notice of Deposition Duces Tecum

1031  Dr. Fetter Deposition Exhibit 2 – Dr. Fetter Curriculum Vitae

1032  Dr. Fetter Deposition Exhibit 3 – Statement of Compensation

1033 Dr. Fetter Deposition Exhibit 4 – Dr. Fetter Deposition list

1034 Dr. Fetter Deposition Exhibit 5 – Dr. Fetter 10/17/2022 Report

1035 Dr. Fetter Deposition Exhibit 6 – Medical records AGH 277-278

1036 Dr. Fetter Deposition Exhibit 7 – Off-Site Service Request and Report

1037 Jacob Bahling Deposition Exhibit 1 – Zafonte note dated 7/2/2018 (P-ASH 5-15)

1038 Jacob Bahling Deposition Exhibit 2 – History and Physical (P-ASH 40-46)

1039 Jacob Bahling Deposition Exhibit 3 – Zafonte operative report (P-ASH 58-60)

1040 Jacob Bahling Deposition Exhibit 4 – Zafonte note (P-ASH 62)

1041 Jacob Bahling Deposition Exhibit 5 – Zafonte surgical note (P-ASH 76-78)

1042 Jacob Bahling Deposition Exhibit 6 – Discharge summary (P-ASH 46-47)

1043 Jacob Bahling Deposition Exhibit 7 – DOC Transfer Summary (DOC 0345)

1044 Jacob Bahling Deposition Exhibit 8 – Tannan History and Physical (DOC 0020)

1045 Jacob Bahling Deposition Exhibit 9 – Dr. Nelson 12/28/18 note (AGH 277-278)

1046 Jacob Bahling Deposition Exhibit 10 – Off Site Service Request and Report (DOC 0227)

1047 Jacob Bahling Deposition Exhibit 11 – Tannan Progress note (DOC 0033)

1048 Jacob Bahling Deposition Exhibit 12 – Dr. Nelson 6/25/2019 note (AGH 239-240)

1049 Jacob Bahling Deposition Exhibit 13 – Nelson operative note (AGH 182-183)

1050 Jacob Bahling Deposition Exhibit 14 – Final Report (DOC 0199)

1051 Jacob Bahling Deposition Exhibit 15 – Office note (DOC 0197)

1052 Jacob Bahling Deposition Exhibit 16 – Dr. Nelson 8/29/19 office note (AGH 031)

1053 DOC Health Service Request dated 2/12/2019 (DOC 0395)

1054 Occupational Therapy Initial Evaluation and Plan of Care dated 2/19/2019 (P-AMH 21-25)

1055   Occupational Therapy Treatment Note dated 2/19/2019 (P-AMH 26-27)

1056   Occupational Therapy Discharge Summary dated 3/20/2019 (P-AMH 28-29)

1057   Dr. Tannen MD progress Note dated 4/16/2019 (DOC 0035)

1058   DOC Inmate Complaint dated 7/13/2019 (DOC 2114-2116)

1059   Department of Corrections records pp. 1-2166

1060   Plaintiff Bahling's Responses to Dr. Nelson's Proposed Findings of Fact (ECF 67)

## V.  DESIGNATION OF TESTIMONY TO BE PROVIDED THROUGH DEPOSITION TRANSCRIPTS

Defendant Dr. Nelson does not presently anticipate the need to present any testimony at trial by way of deposition transcript, except as necessary for impeachment purposes, or in the event of an unanticipated circumstance which might make a potential witness unavailable at trial. Dr. Nelson anticipates that all witnesses will provide live testimony at trial.

## VI.  LIST OF STIPULATED FACTS

A list of proposed stipulated facts is filed separately herewith by Dr. Nelson. Dr. Nelson's proposed stipulated facts are based upon those Proposed Findings of Fact offered by Dr. Nelson at the summary judgment stage, and to which no dispute was indicated by plaintiff Bahling. *See* ECF 67.

## VII.  PROPOSED VOIR DIRE QUESTIONS

Defendant Dr. Eric Nelson's Proposed Voir Dire questions have been filed in a separate document along with this pretrial report.

## VIII.  DR. NELSON'S PROPOSED JURY INSTRUCTIONS

Defendant Dr. Eric Nelson's proposed substantive jury instructions have been filed separately along with this report. Dr. Nelson reserves the right to revisit any issues associated with the jury instructions at the close of evidence.

9

**IX.    PROPOSED VERDICT FORM**

Defendant Dr. Eric Nelson's proposed verdict form has been filed separately along with this pretrial report. Dr. Nelson reserves the right to revisit, object to and supplement any issues associated with the verdict form at the close of evidence.

Dated this 15th day of February, 2024.

**OTJEN LAW FIRM, S.C.**
Attorneys for Defendant
Eric Nelson, M.D.

*s/ Jason J. Franckowiak*
Jason J. Franckowiak, SBN 1030873

**PO ADDRESS**
20935 Swenson Drive, Suite 310
Waukesha, WI 53186
Phone: 262-777-2222
Fax: 262-777-2201
jfranckowiak@otjen.com